Steven C. Levi
P.O. Box 241467
Anchorage, AK 99524
Phone: 907-337-2021


RECEIVED
DEC 0 6 2018
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Steven C. Levi,<br>    Plaintiff<br>vs.<br><br>State of Alaska,<br>    Defendant | Case No.<br><br><br>**COMPLAINT UNDER**<br>**THE CIVIL RIGHTS ACT**<br>**42 U. S. C. § 1983**<br><br>**(NON-PRISONERS)** |

**A.**    **Jurisdiction**

Jurisdiction is invoked under 28 U. S. C. § 1343(a)(3) and 42 U. S. C. § 1983.

**B.**    **Parties**

1. <u>Plaintiff:</u> This complaint alleges that the civil rights of Steven C. Levi who presently resides at 10651 Republic Circle, Anchorage, Alaska 99515 [Mailing address, P. O. Box 241467, Anchorage, Alaska, 99524] were violated by the State of Alaska.

2. <u>Defendant:</u> State of Alaska, Department of Labor, violated my rights, and I seek injunctive relief.

**C. Causes of Action**

On three occasions before 2014, plaintiff received unemployment benefits from the State of Alaska. Plaintiff interpreted the reporting rules in the Unemployment Manual to read that if someone made less than $50 per day, the amount did not have to be

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

Case 3:18-cv-00282-RRB   Document 1   Filed 12/06/18   Page 1 of 7

reported. The plaintiff made more than $50 per day during those three periods of unemployment.

On December 7, 2011, the State of Alaska Department of Labor allegedly determined that plaintiff was in violation of Department of Labor rules, But the Department of Labor did not contact plaintiff of the alleged violation in 2011. The Department of Labor also did not contact the plaintiff of the alleged violation the next two times plaintiff filed for unemployment. The plaintiff was only contacted in December of 2016, and then for back-charges for all alleged improper payments of unemployment benefits plus penalties.

On October 9, 2017, Superior Court Judge Frank A. Pfiffner issued a DECISION AND ORDER affirming the Department of Labor's action requiring plaintiff "to repay overpaid benefits for the weeks at issue, and impos[ed] a monetary penalty of 50 percent of the overpaid benefit and a 52-week disqualification from receiving further benefits."

The case was appealed to the Alaska Supreme Court, S-16876, which affirmed the Superior Court's decision on a *single* basis: Plaintiff made more that $50 per time period. The Alaska Supreme Court OPINION is Appendix 1.

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

Plaintiff claims as follows:

The OPINION of the Alaska Supreme Court states, on Page 2,

> Levi argues that he was not required to report his wages unless he earned more than $50 a day. But Levi's reading of the handbook is unreasonable; in any event, the governing statute requires a reduction in benefits whenever a claimant wages are more than $50 a week. Levi makes other arguments, but none of them have any merit.

Specifically regarding the wording of the first two sentences, Levi was required to read the Unemployment Manual which *does not state* the per day limit is $50 "a day." No time frame is given. The "a day" wording is in the State of Alaska statute but Levi *was not required* to read the Statute. Contrary to the OPINION, the reading of the handbook was not only "reasonable," it is required. The fact the Unemployment Manual wording is not in line with State Statute is an error of the State of Alaska, no plaintiff.

Specifically regarding the wording of the last sentence, OPINION completely ignores three (3) critical facts:

First, this case should never have been brought to court in the first place. The State of Alaska Department of Labor violated AS 23.20.390 by failing to

> promptly prepare and deliver or mail to the individual at the individual's last address of record a notice of determination of liability declaring that the individual has been determined liable to refund the amount of benefits to which the individual is not entitled. The amount, if not previously collected, shall be deducted from future benefits payable to the individual.

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

Second, the State of Alaska gave tacit consent to the plaintiff by failing to notify plaintiff of the alleged shortcomings two (2) more times when plaintiff filed for a received unemployment benefits.

Third, the State of Alaska failed to commence pursuit of repayment of the alleged debt "within three years after the cause of action," AS 45.04.111. There are two proofs the State of Alaska considers the money in question a debt. First, plaintiff is receiving monthly bills from the State of Alaska Department of Labor demanding payment of a debt. Second, plaintiff's Permanent Fund Dividend was garnished pursuant to a written order from the State of Alaska, Department of Labor for payment of an alleged debt.

Additionally:

On Page 6 and throughout the OPINION, are references to "a conflict of interest based on an alleged mortgage fraud scheme perpetrated by Wells Fargo." This is a matter which is in legal doubt for two reasons. First, denial of the plaintiff's two (2) motions for Discovery and Admissions eliminated Plaintiff's ability to prove the "fraud scheme." Plaintiff filed two (2) Discovery motions and two (2) Admissions motions which were neither ordered or denied by the Superior Court. Levi was simply found guilty. Levi was denied both Motions for Discovery and Admits, a violation of Alaska Court Rule 6. Second, the

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

"alleged fraud scheme" is the centerpiece of a currently active Writ of Mandamus filed with the United States District Court in Anchorage, CASE NO: 3:17-cv-000183-TMB.

Plaintiff filed a motion for a Trial by Jury. The motion was neither granted nor denied. Plaintiff was simply found guilty by the Superior Court. Of significance to this appeal, on Page 8 of the OPINION is the statement: "The superior court denied the motion." This is in error. Plaintiff never received a denial of that motion.

On Page 17 and 19, the OPINION states plaintiff was not entitled to a jury trial. The OPINION alleges the matter is an "administrative appeal" and therefore plaintiff was "not entitled to a jury trial in an administrative appeal." There is no specific writing in Alaska R. App. P. 601 which *excludes* a jury trial. Further, under Judicial Relief in Administrative Manners, 44.62.305 (b), "A person may seek judicial relief under (a) of this section by filing a petition in the superior court." The refusal of a jury trial to plaintiff is an error that was not considered by the Alaska Supreme Court to *have any merit* – a specific violation of the United States Constitution.

Further, on Page 17, the OPINION justifies the State of Alaska's position by referencing Carlson V. Renkes. Plaintiff asserts this reference is not applicable

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

and irrelevant. Carlson, the plaintiff in Carlson V. Renkes, was petitioning the court for relief in an administrative network in which he was involved. The plaintiff is this case was *a defendant* in the initial case in the Alaska Superior court and was/is not in the administrative network of the State of Alaska. The case against the plaintiff in this case ceased being an administrative matter when the State of Alaska filed the legal case.

**Previous Law Suits**

The matter of the legality of gift mortgages and the involvement of Wells Fargo specifically is the subject of a Writ of Mandamus filed with the United States District Court in Anchorage, CASE NO: 3:17-cv-000183-TMB.

**D. Request for Relief**

Plaintiff requests that this Court dismiss all charges against the Plaintiff with Prejudice.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above civil rights complaint and that the information contained is the complaint is true and correct.

Executed at Anchorage, Alaska on November 30, 2018.

_____
Steven C. Levi, Plaintiff

Steven C. Levi (pro se)
Box 241467
Anchorage, AK 99524
scl@parsnackle.com

