# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN C. LEVI,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>      Defendant. | Case No. 3:18-cv-00282-RRB |

## **ORDER OF DISMISSAL**

On December 6, 2018, self-represented litigant Steven C. Levi filed a "Complaint Under the Civil Rights Act 42 U.S.C. § 1983" along with the $400.00 filing fee.[1] Mr. Levi included a copy of Alaska Supreme Court Opinion S-16876 as an exhibit with his complaint.[2]

In his complaint, Mr. Levi alleges that the State of Alaska, Department of Labor has "violated my rights, and I seek injunctive relief."[3] Mr. Levi begins his complaint by explaining the procedural history of his dispute with the Department of Labor and the subsequent appeals decisions from the Superior Court of Alaska and the Alaska Supreme Court.[4] Then, Mr. Levi breaks down the Alaska Supreme

---

[1] Docket 1.

[2] Docket 1-1.

[3] Docket 1 at 1.

[4] Docket 1 at 1-2.

Court's decision into specific sections with which he disagrees.[5] Mr. Levi disagrees with the Alaska Supreme Court's interpretation of the Unemployment Manual and a state statute and three alleged "facts" he believes the Alaska Supreme Court ignored.[6] Mr. Levi alleges that he filed a motion for a jury trial, and did not receive a grant or a denial, but instead that he "was simply found guilty by the Superior Court."[7] Mr. Levi alleges that his unemployment dispute is not an administrative appeal, and therefore, his right to a jury trial has been violated.

For relief, Mr. Levi requests that "this Court dismiss all charges against the Plaintiff with Prejudice."[8]

## SCREENING STANDARD

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[9] In a federal court proceeding, a jurisdictional defect may be raised at any time.[10]

---

[5] Docket 1 at 3-7.

[6] Docket 1 at 3-4.

[7] Docket 1 at 5.

[8] Docket 1 at 6.

[9] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[10] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

## DISCUSSION

Mr. Levi alleges that the State of Alaska violated his civil rights under 42 U.S.C. § 1983, because Alaska's Department of Labor has ordered he refund the Department due to a prior overpayment of unemployment benefits. Mr. Levi has appealed this decision through the Alaska court system and now brings his claim to federal court. Mr. Levi does not present a cognizable claim under 42 U.S.C. § 1983 and this Court has no jurisdiction to hear his case. Under these facts, no other defendant may be substituted and therefore amendment is futile. Therefore, Mr. Levi's action must be dismissed.

## 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[11] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[12] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[13] To be

---

[11] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[14] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of his rights.[15] These essential elements must be pleaded in a § 1983 claim.

42 U.S.C. § 1983 also requires that a defendant must be "acting under the color of state law".[16] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[17] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[18] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

---

[14] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[15] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[16] *West*, 487 U.S. at 49.

[17] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[18] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

[19] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); see also *Tongol v. Usery*, 601

42 U.S.C. § 1983 does not confer constitutional or federal rights, but instead, provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[20] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[21] Section 1983 does not provide a cause of action for violations of state law.[22] However, where a violation of state law is also a violation of a federal constitutional right, § 1983 may provide a cause of action.[23]

Importantly in a §1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to

---

F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[20] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[21] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[22] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[23] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

3:18-cv-282-RRB, *Levi v. State of Alaska.*
Order to Dismiss
Page 5 of 12

Case 3:18-cv-00282-RRB   Document 2   Filed 03/18/19   Page 5 of 12

do that causes the deprivation of which complaint is made.'"[24] The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[25]

Mr. Levi's complaint does not allege the required elements of a §1983 action. Mr. Levi's complaint does not allege wrong doing by a state actor. Instead, he names the State of Alaska and later elaborates to specify the Department of Labor. Neither a state, nor a state agency, is a proper defendant under 42 U.S.C. § 1983. Additionally, Mr. Levi implies that his right to a jury trial has been infringed. However, the Seventh Amendment of the United States Constitution only applies to federal actions and has not been extended to the states.[26] As previously discussed, 42 U.S.C. § 1983 is not an independent source of civil rights but is merely a mechanism to enforce pre-existing rights.

In sum, in order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute,

---

[24] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[25] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[26] *Minneapolis & St. Louis R. Co. v. Bombolis*, 241 U.S. 211 (1916) (establishing that "the Seventh Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same.").

(2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[27] Mr. Levi's complaint does not demonstrate a violation of either constitutional rights or federal statute because of conduct by a person acting under the color of state law. Without these required elements, Mr. Levi's complaint does not present a valid civil rights claim and is deficient. No other defendant could be substituted; therefore amendment is futile and the complaint must be dismissed.

## Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[28] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[29] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[30] This means that the Court has the authority to hear only specified types of cases.[31] "In civil cases, subject matter jurisdiction is generally conferred upon

---

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[28] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[29] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[30] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[31] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[32]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[33] The complaint does not address a federal statute or raise a viable constitutional issue.[34] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[35] This means that this Court could have jurisdiction over a case (Including one involving only state law issues) where the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[36] However, if any of the defendants share citizenship with Mr. Levi, then no diversity

---

[32] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[33] 28 U.S.C. § 1331.

[34] *See* Docket 1.

[35] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[36] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

jurisdiction exists.[37] While Mr. Levi does not formally establish citizenship, the pleadings indicate that Mr. Levi and his defendant, the State of Alaska, are Alaska citizens.[38] Additionally, neither the complaint, nor the cover sheet establish an amount in controversy. Because he has not demonstrated diverse citizenship here, nor an amount in controversy, this Court does not have diversity jurisdiction over his complaint.

This Court has neither federal question jurisdiction, nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[39] In light of the foregoing, Mr. Levi's complaint must be dismissed for lack of subject matter jurisdiction.

## No Appellate Jurisdiction

Mr. Levi's complaint presents arguments against the Alaska Supreme Court decision S-16876. Mr. Levi extensively quotes the decision, alleges errors, and even provides the Court a copy of the opinion as an exhibit.[40] Effectively, Mr. Levi

---

[37] *Id.*

[38] *See* Docket 1.

[39] Fed. R. Civ. P. (12)(h)(3).

[40] Dockets 1 at 3-7 & 1-1.

requests that this Court review and correct errors he believes exists with the Alaska Supreme Court's interpretation of Alaska state law.[41]

A federal district court has no appellate jurisdiction of state courts.[42] Only the United States Supreme Court has the authority to review a state court's judgment.[43] The *Rooker-Feldman* doctrine "does not authorize district courts to exercise appellate jurisdiction over state-court judgments."[44] As established by the United States Supreme Court, *Rooker-Feldman* "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[45] "The doctrine applies only in 'limited circumstances,' where a party in effects seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[46]

Mr. Levi has been litigating this issue through the entirety of the Alaska administrative process, and then, Alaska's court system. Mr. Levi has received a

---

[41] *See* Docket 10.

[42] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (establishing the *Rooker-Feldman* doctrine that federal district courts lack subject-matter jurisdiction to hear an appeal from a state court).

[43] 28 U.S.C. § 1257.

[44] *Verizon Md. Inc., v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002).

[45] *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curium); quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

[46] *Lance*, 546 U.S. at 466; quoting *Exxon Mobil*, 544 U.S. at 291.

Department of Labor appeal, a Superior Court appeal, and an Alaska Supreme Court appeal. Mr. Levi now seeks to bring his case to federal court in order to challenge the prior state court judgment. However, this Court has no such appellate jurisdiction; therefore, this action must be dismissed.

### Futility of Amendment

A Court's decision to grant or deny leave to amend a complaint is discretionary.[47] Mr. Levi does not present a viable claim under 42 U.S.C. § 1983 that can be repaired. No defendant or other party could be substituted on these facts. Additionally, the constitutional violation he raises does not apply to the states. Without a proper federal question cause of action, this Court does not have subject matter jurisdiction and must dismiss the action. Moreover, a federal district court does not have the authority or jurisdiction to review state court decisions. Therefore, amendment is futile, and the action must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. The action is dismissed with prejudice for failure to state a claim, for lack of subject matter jurisdiction, and futility of amendment.

---

[47] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend a complaint should be freely given unless to do so would be futile); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (stating that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

2. The Clerk of Court is directed to submit a final judgment accordingly.


DATED at Anchorage, Alaska this 18th day of March, 2019.

/s/ Ralph R. Beistline
Senior United States District Judge